19-3325-cv
*Reiss v. Hernandez, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-one.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            BARRINGTON D. PARKER,
                    *Circuit Judges.*

_____

CAROLE REISS,

           *Plaintiff-Appellant,*                          19-3325-cv

                v.

MELITINA HERNANDEZ, NEW YORK CITY
DEPARTMENT OF EDUCATION, AND JENNIFER
JOHNSON,

           *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**              BRYAN D. GLASS, Glass Harlow &
                                          Hogrogian LLP, Pearl River, NY.

1

**FOR DEFENDANTS-APPELLEES:** EVA L. JEROME (Melanie T. West, *on the brief*), *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment entered September 27, 2019 by the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Carole Reiss appeals from a judgment of the District Court in favor of Defendants-Appellees New York City Department of Education ("DOE"), Principal Hernandez, and Assistant Principal Johnson, both of Public School ("P.S.") 123 in New York City (together, "Defendants"). Proceeding as a *pro se* litigant, Reiss brought claims under the Age Discrimination in Employment Act ("ADEA") in connection with her tenure as a gym teacher at P.S. 123, alleging age discrimination, retaliation, and constructive discharge. Defendants moved for summary judgment on Reiss's claims, which the District Court granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in the non-movant's favor.[1]

As to her age discrimination claim, Reiss argues that the District Court erred in concluding that she had failed to adduce evidence showing that the facts were disputed as to whether Defendants' non-discriminatory reason for Reiss's ineligibility for "per session work"—specifically, Reiss's ineffective ratings—was pretextual. We do not agree.

The District Court properly assessed Reiss's age discrimination claim under the burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which applies to claims brought under the ADEA.[2] At step 1, the District Court afforded

---

[1] *See Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019).

[2] *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014). Under this framework,

> the plaintiff bears the initial burden of establishing a prima facie case of discrimination. If the plaintiff does so, the burden shifts to the defendant to articulate 'some legitimate, nondiscriminatory reason' for its action. Once such a reason is provided, the plaintiff can no longer rely on the prima facie case, but may still prevail if she can show that the employer's determination was in fact the result of discrimination.

2

Reiss special solicitude as a *pro se* litigant and determined—with some reservations—that Reiss had established a *prima facie* case of age discrimination on the basis of her ineligibility for so-called "per session work." At step 2, Defendants established a non-discriminatory reason for adverse action of which Reiss complained: that she was ineligible for per-session work because of her "ineffective" ratings. At step 3, when the burden shifted back to Reiss to show that there was a triable issue of fact as to whether Defendants' proffered reason was merely pretextual, the District Court concluded that Reiss had failed to adduce evidence showing as much.

The District Court did not err in reaching this conclusion. Although Reiss asserted that older teachers were given disproportionately worse ratings than younger teachers, she did not provide any evidence that younger teachers who received effective ratings were similarly situated to Reiss, an above-40-year-old teacher who received ineffective ratings. Nor did Reiss adduce evidence to support her contention that Defendants pushed out older teachers for younger teachers, let alone evidence that younger teachers in fact replaced older teachers at P.S. 123. Further, the purportedly "ageist" comments made by Principal Hernandez, even when viewed in the light most favorable to Reiss as the non-moving party, were insufficient to create a triable issue of fact that Defendants' justification was merely pretext. Accordingly, the District Court did not err in concluding that Reiss had failed to meet her burden to show a triable issue of fact as to whether her age was a 'but for' cause of her ineligibility for per session work.[3]

Next, Reiss argues the District Court erred in concluding that she had not made out a *prima facie* case of retaliation. We do not agree. Under the *McDonnell-Douglas* burden-shifting framework, a plaintiff claiming retaliation is required to present four elements to make out a *prima facie* case: (1) she engaged in protected activity, (2) the defendant was aware of that activity, (3) the plaintiff suffered an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action.[4] As to the third element, the proper inquiry is "whether the [alleged adverse action] to which [the plaintiff] was subjected could well have dissuaded a reasonable employee in his position from complaining of unlawful discrimination."[5]

Here, Reiss claimed that Principal Hernandez retaliated against her by stating, to a representative from the New York State Education Department, that Reiss was a gym teacher at P.S. 123 and denying that Reiss engaged in professional development while employed at the school.

---

*Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (quoting *McDonnell Douglas*, 411 U.S. at 802). At the third and final step of the *McDonnell Douglas* analysis, therefore, a plaintiff can survive the defendant's summary judgment motion if "the facts, taken in [her] favor, suffice to meet her burden of showing a triable issue as to whether her age was a 'but for' cause" of an adverse employment action. *Gorzynski*, 596 F.3d at 106.

[3] *See id.*

[4] *See generally Kessler v. Westchester County Department of Social Services*, 461 F.3d 199, 204 (2d Cir. 2006).

[5] *Davis-Garett v. Urb. Outfitters, Inc.*, 921 F.3d 30, 44 (2d Cir. 2019) (internal quotation marks omitted).

3

Principal Hernandez made the statement in response to the representative's inquiry in connection with Reiss's application to form a charter school. But the record reveals that Reiss did not offer any evidence showing that Principal Hernandez's statement was inaccurate: Reiss was indeed a gym teacher at P.S. 123 and not a professional developer. Accordingly, the District Court did not err in concluding that Reiss did not show that she suffered an adverse employment action, as is required to make out a *prima facie* case of retaliation.

Finally, Reiss contends that the District Court erred in concluding that her constructive discharge claim failed as a matter of law. We again do not agree. "Constructive discharge of an employee occurs when an employer, rather than directly discharging an individual, intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily."[6] But in general, "a disagreement with management over the quality of an employee's performance will not suffice to establish a constructive discharge."[7]

Here, the facts were undisputed that Defendants' actions did not rise to the level of intolerable work atmosphere required for Reiss to establish constructive discharge. Specifically, Reiss claimed that her ineffective ratings forced her to resign because the ratings automatically triggered a proceeding under New York State Education Law § 3020-a, which could result in her termination and a bar from teaching. But a Section 3020-a proceeding is not mandatory where a tenured teacher receives two ineffective ratings,[8] as Reiss did here. Nor was a Section 3020-a proceeding even commenced against Reiss. Accordingly, the District Court did not err in concluding that Reiss's constructive discharge claim failed as a matter of law.

---

[6] *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 (2d Cir. 2000) (internal quotation marks omitted); *see also Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1156 (2d Cir. 1993) (A constructive discharge that satisfies the third element of the *prima facie* case occurs when an employer "deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation."). "[T]his issue is assessed objectively by reference to a reasonable person in the employee's position." *Petrosino v. Bell Atl.*, 385 F.3d 210, 230 (2d Cir. 2004); *see also Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004) ("The inquiry is objective: Did working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign?").

[7] *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996).

[8] *Compare* N.Y. Educ. Law § 3020-b(2)(a) ("A school district or employing board may bring charges of incompetence pursuant to this section against any classroom teacher or building principal who receives two consecutive ineffective ratings." (emphasis added)), *with id.* ("A school district or employing board shall bring charges of incompetence pursuant to this section against any classroom teacher or building principal who receives three consecutive ineffective ratings." (emphasis added)).

**CONCLUSION**

We have reviewed all other arguments raised by Reiss on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk